UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JONATHAN SMITH and<br>JENNIFER SMITH,<br><br>    Plaintiffs,<br><br>vs.<br><br>BAY FINANCE COMPANY, LLC,<br>*et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. CV-09-S-196-NE |

**MEMORANDUM OPINION AND ORDER**

This action is before the court on the motion for partial dismissal filed by defendant Trans Union LLC pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The action arises in part on Trans Union's alleged failure to verify the accuracy of the information it published in plaintiffs' credit reports.[2] Plaintiffs allege that Trans Union has violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and they seek statutory and actual damages, declaratory relief, injunctive relief, costs, and attorneys' fees under the FCRA. Trans Union's motion for a partial dismissal argues that plaintiffs' claims for equitable, declaratory, and injunctive relief are due

---

[1] *See* doc. no. 15 ("Defendant Trans Union LLC's Motion for Partial Dismissal").

[2] *See* doc. no. 1 (complaint), ¶ 34. In addition to Trans Union, plaintiffs have alleged claims against Bay Finance Company, LLC, Redstone Federal Credit Union, Equifax Information Service, LLC, and Experian Information Solutions, LLC.

to be dismissed because such relief is not available to private litigants who assert claims under the FCRA.

This court ordered plaintiffs to respond to Trans Union's motion on or before Friday, March 6, 2009. To date, plaintiffs have not filed a response to the motion. According, the motion has been taken under submission without any opposition from plaintiffs.

## I. STANDARD OF REVIEW

### A.   Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1969 (2007) (citations omitted). These factual allegations need not be detailed, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at —, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986), and *Sanjuan v.*

*American Board of Psychiatry and Nerulogy, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)) (bracketed alteration in *Twombly*). Thus, even though notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Viewed in this manner, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at —, 127 S. Ct. at 1965 (citations omitted). Stated differently, the plaintiffs must plead facts sufficient to "nudge[] [their] claims across the line from conceivable to plausible . . . ." *Id.* at —, 127 S. Ct. at 1974.

## II.  ALLEGATIONS OF PLAINTIFFS' COMPLAINT

Plaintiffs allege that Trans Union has violated the Fair Credit Reporting Act

("FRCA"), 15 U.S.C. § 1681 *et seq.*, in the following respects:

    a)   By willfully and/or negligently failing in the preparation of the consumer reports concerning Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

    b)   By willfully and/or negligently failing to comport with FCRA section 1681;

    c)   Defaming Plaintiffs by publishing to third parties false information regarding Plaintiffs' creditworthiness;

    d)   Invading the privacy of Plaintiffs; and

    e)   Failing in their duty to prevent foreseeable injury to Plaintiffs.[3]

Plaintiffs seek a declaratory judgment that Trans Union's conduct violated the FCRA, in addition to actual damages, statutory damages, costs, and attorneys' fees.[4] Plaintiffs further request the court to "enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate."[5]

### III. DISCUSSION

Trans Union argues that this court must dismiss plaintiffs' request for

---

[3] Doc. no. 1, ¶ 48.

[4] *See id.*, ¶ 51.

[5] *Id.*, ¶ 76 and Prayer for Relief, subpart a.

equitable, declaratory, or injunctive relief because the FCRA does not authorize such relief to a private litigant.  In support of its motion, Trans Union relies on the plain language of the FCRA's civil liability provisions, §§ 1681n and 1681o, which set out a private litigant's ability to seek actual and statutory damages, costs, and attorney fees, but make no mention of a private litigant's ability to seek equitable relief.

Section 1681n addresses civil liability for *willful noncompliance* and reads as follows:

> (a) In general
>
> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of —
>
> > (1)(A) any *actual damages* sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
> >
> > (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, *actual damages* sustained by the consumer as a result of the failure or $1,000, whichever is greater;
> >
> > (2) such amount of *punitive damages* as the court may allow; and
> >
> > (3) in the case of any successful action to enforce any liability under this section, the *costs of the action together with reasonable attorney's fees* as determined by the court.

(b) Civil liability for knowing noncompliance

Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for *actual damages* sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees

Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party *attorney's fees* reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

(d) Clarification of willful noncompliance

For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt shall not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.

15 U.S.C. § 1681n (emphasis added).

Section 1681o addresses civil liability for *negligent compliance* and reads as follows:

(a) In general

Any person who is negligent in failing to comply with any

requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of —

(1) any *actual damages* sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the *costs of the action together with reasonable attorney's fees* as determined by the court.

(b) Attorney's fees

On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party *attorney's fees* reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681o (emphasis added).

In contrast to §§ 1681n and 1681o, § 1681s(a) sets out the enforcement powers of the Federal Trade Commission ("FTC") under the FCRA and allows for the pursuit of injunctive relief pursuant to 15 U.S.C. § 45(b). *See* 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this subchapter shall be enforced under the Federal Trade Commission Act by the Federal Trade Commission with respect to consumer reporting agencies . . . .") and 15 U.S.C. § 45(b) (a provision of the Federal Trade Commission Act stating that the FTC can compel parties to "cease and desist" from committing certain acts).

Trans Union argues that if Congress had intended to give private litigants the right to seek equitable relief for noncompliance under the FCRA, it would have expressly created an equitable remedy under §§ 1681n and 1681o, as it did in § 1681a.

While Trans Union does not point to any Eleventh Circuit or Supreme Court precedent on the issue of whether private litigants may seek an equitable remedy under the FCRA, it does cite to several non-binding decisions that support its position. *See Washington v. CSC Credit Services, Inc.*, 199 F.3d 263 (5th Cir. 2000); *Jones v. Sonic Automotive, Inc.*, 391 F. Supp. 2d 1064, 1065 (M.D. Ala. 2005); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 285 (S.D. Fla. 1995).

For example, in *Washington* the Fifth Circuit Court of Appeals held that the FCRA does not allow private litigants to maintain a claim a claim for injunctive relief after concluding that

> the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.

*Washington*, 199 F.3d at 268.

In *Mangio*, the United States District Court for the Southern District of Florida also concluded that injunctive relief is not available to private litigants based on its

-8-

findings that "the FCRA's failure to provide for private injunctive relief indicates that such relief is not available" and "Congress' commitment to the FTC of the authority to enforce the FCRA's requirements is strong indication that it did not intend for private individuals to exercise this power."  *Mangio*, 887 F.Supp. at 285.

In *Jones* the United States District Court for the Middle District of Alabama noted that the Eleventh Circuit has not yet addressed this issue of whether equitable relief is available to private litigants under the FCRA and agreed with the "well-reasoned opinion of *Mangio*" to also conclude that "the FCRA does not authorize equitable relief to private parties."  *Jones*, 391 F. Supp. 2d at 1065.

Moreover, other judges within this district have recently held that the FCRA does not allow private litigants to maintain a claim for equitable relief.  *See Davis v. Sears Roebuck and Company*, Case No. 2:08-CV-1638-KOB, doc. no. 12 (N.D. Ala. Oct. 20, 2008) (Bowdre, J.) (finding that "a private plaintiff cannot seek equitable, declaratory, or injunctive relief under the Fair Credit Reporting Act") (citing 15 U.S.C. § 1692 *et seq.*); *Williams v. Chase Manhattan Mortgage*, Case No. 4:08-CV-1639-VEH, doc. no. 22 (N.D. Ala. Oct. 23, 2008) (Hopkins, J.) (finding that "equitable, declaratory, and injunctive relief are not available to [individual] Plaintiffs" bringing claims under the FCRA) (bracketed alteration added).

Having considered Trans Union's motion, the plain language of the FCRA, and

the case law supporting the motion, the court agrees that a private litigant cannot seek equitable, declaratory, or injunctive relief under the FCRA. Accordingly, plaintiffs' claims for such relief under the FCRA fail to state a claim upon which relief can be granted.

## IV. CONCLUSION

In light of the foregoing, Trans Union's motion is due to be, and it hereby is GRANTED. Plaintiffs' claims against Trans Union for equitable, declaratory, and injunctive relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, are DISMISSED with prejudice. This case remains pending on plaintiffs' other claims against Trans Union and other defendants.

DONE this 7th day of April, 2009.

_____
United States District Judge